IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| BAJA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AUTOMOTIVE TESTING AND DEVELOPMENT SERVICE, INC., CHONGQUIN HUANSONG INDUSTRIES (GROUP) CO., LTD., TOMOTO INDUSTRIES, INC., AND HISUN MOTORS CORP. U.S.A., <br><br> Defendants. | Civil Action No. 8:13-2057-GRA <br><br><br> **BAJA, INC.'S MOTION TO COMPEL ATTENDANCE AT DEPOSITION AND FOR SANCTIONS** |

Plaintiff Baja, Inc. ("Baja") hereby files this motion, pursuant to Fed. R. Civ. P. 37, to compel the attendance of Defendant Chongquin Huansong Industries (Group) Co. Ltd. ("Huansong") at its deposition pursuant to Fed. R. Civ. P. 30(b) and for sanctions as detailed herein.

**INTRODUCTION**

On March 4, 2014, this Court issued an Order denying the motion of defendant Hisun Motors Corp., USA, a wholly owned subsidiary of Huansong, to amend the Scheduling Order to extend for five (5) additional months the trial date (ECF #71). Two days later, Huansong made its own Motion to Amend the Scheduling Order. On March 7, 2014, the Court denied Huansong's motion (ECF#72).

Now without any motion or further Order, on the afternoon of Monday, March 24, 2014, Huansong unilaterally attempted to modify the Court's Scheduling Order and impose a stay on all discovery. On that date, Huansong unilaterally cancelled its deposition pursuant to Fed. R.

1

Civ. P. 30(b) (the "30(b)(6) deposition") which was scheduled, by agreement of counsel, for the following day in Dallas, Texas, and announced that it was going to move to enforce a claimed arbitration provision.

Huansong has no right to impose this unilateral stay, and had no right to cancel its properly noticed and previously scheduled deposition. Baja requests the Court direct that Huansong produce its witness in Greenville, South Carolina at the office of Baja's counsel for the 30(b)(6) deposition within seven (7) days, that Huansong make its other witnesses for whom depositions have been requested available for deposition in Greenville, South Carolina at the office of Baja's counsel; and that Huansong pay the attorneys' fees, costs, and expenses incurred by Baja in connection with the unilaterally-cancelled 30(b)(6) deposition.

## **BACKGROUND**

On January 30, 2014, Baja served a notice for the 30(b)(6) deposition upon Huansong through counsel. (Exhibit 1). On February 6, 2014, Baja's counsel also requested available deposition dates for various individuals under Huansong's control. (Exhibit 2).

On February 12, 2014, Huansong's counsel, Stacy Williams, agreed to produce a corporate representative for the 30(b)(6) deposition on Tuesday, February 25, 2014, at Huansong's counsel's Dallas office. (Exhibit 3). Mr. Williams also informed Baja's counsel that the deponent would require a Chinese Mandarin interpreter. (*Id*). Mr. Williams later identified Mr. King Dai as the corporate representative to be deposed. Baja agreed that the deposition could take place in Dallas, Texas instead of in the noticed South Carolina location, agreed the deposition could take place on the rescheduled date, and agreed to secure an interpreter.

On Friday, February 21, 2014, two business days prior to the scheduled 30(b)(6) deposition, Huansong produced approximately 3,000 additional pages of documents to Baja. Given the late disclosure of these voluminous documents, Baja's counsel requested that the deposition be adjourned one week. (Exhibit 4).

On February 24, 2014, counsel for Huansong, via email, confirmed that Mr. Dai would be available on Tuesday, March 25, 2014 for the rescheduled 30(b)(6) deposition. (Exhibit 5). On February 27, 2014, Baja's counsel confirmed, via email, that Baja would take Mr. Dai's deposition on March 25, 2014 as agreed by Huansong's counsel. (Exhibit 6). Baja thereafter coordinated and secured a court reporter, videographer, and Chinese Mandarin interpreter to be present in Dallas on that date. On Friday, March 21, 2014, Baja's counsel wrote Huansong's counsel, via email, to confirm that the deposition would proceed as scheduled. (Exhibit 7). No negative response was received.

On the morning of Monday, March 24, 2014, two of Baja's counsel took flights to Dallas from their respective offices located outside of Texas for the 30(b)(6) deposition. That afternoon, Huansong's counsel Mr. Williams called Baja's counsel Mr. Austrian and left a voicemail stating that Huansong would be moving to compel arbitration and that he wanted to discuss the 30(b)(6) deposition scheduled for the next day. A few minutes later, Mr. Austrian called Mr. Williams. Mr. Williams informed Mr. Austrian, **less than 20 hours before the deposition was to begin**, that Huansong would not be producing any witness at the 30(b)(6) deposition the next day because it would be filing a motion to compel arbitration. Mr. Austrian objected to Huansong's conduct and stated that Baja would be moving for sanctions and costs.

On March 25, 2014, the Huansong corporate representative failed to appear at the scheduled 30(b)(6) deposition.

3

## ARGUMENT

Fed. R. Civ. P. 37(d) provides that the court "may, on motion, order sanctions if: (1) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(2) further states that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

Fed. R. Civ. P. 37(d)(3) authorizes the court to impose a number of sanctions for a party's failure to appear including that "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Here, Huansong was properly served with a deposition notice. Huansong's counsel confirmed that it would produce Mr. King Dai as Huansong's corporate representative for the 30(b)(6) deposition at a rescheduled location and on a rescheduled date chosen by Huansong. Baja incurred substantial cost and expense preparing for the deposition, arranging for a court reporter, videographer, and interpreter, and travelling to the deposition in Dallas, Texas. Less than twenty-four hours before the scheduled and confirmed deposition was to take place, Huansong's counsel unilaterally cancelled the deposition. If Huansong had an objection to the 30(b)(6) deposition, it should have moved for a protective order under Fed. R. Civ. P. 26(c). Instead, Huansong acted unilaterally, purposefully, and with knowing disregard for the Rules by refusing to appear at its noticed and confirmed deposition by a self-declared stay of discovery.

4

The Court has wide discretion in fashioning an order in the event that a party fails to attend its deposition. *See, e.g., Network Computing Servs. Corp. v. Cisco Sys.*, 223 F.R.D. 392, 400 (D.S.C. 2004) ("[T]he sanctions enumerated by Rule 37 are not exclusive, but flexible, and may be applied in as many or varied forms as the court desires by exercising discretion in the light of the facts of each case") *citing Guidry v. Continental Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981) (internal quotation marks omitted). Huansong has pending no motion for protective order, and no circumstances exist that reasonably could render unjust an order compelling attendance or issuing sanctions in this action.

Accordingly, the Court is well within its discretion to compel Huansong to attend its deposition on an expedited basis in the jurisdiction where the litigation is pending, to produce other witnesses in this jurisdiction to prevent a replay of the previous misconduct, and to pay the fees, costs and expenses caused by Huansong's failure to appear. Specifically, the Court should issue an Order directing:

1. Huansong to appear for its 30(b)(6) deposition in Greenville, South Carolina within seven (7) days of that Order;

2. Huansong to produce its other witnesses (for whom depositions have been requested) for deposition in Greenville, South Carolina, namely: (i) King Dai; (ii) Jason Sun; (iii) Li Song (a/k/a Song Li); (iv) Oliver Chen; (v) Shuang Lei; (vi) Ryan Daugherty; (vii) Vincent Gong (ix) Tracy Tuo; and (x) Cynthia Lei; and

3. Huansong to reimburse Baja for the fees, costs, and expenses incurred for the unilaterally-cancelled 30(b)(6) deposition. Baja reserves the right to supplement this motion with a detailed listing of fees, costs, and expenses once the full scope of those sums can be collected and collated.

## **CONCLUSION**

Huansong's scorn for the legal process and the Court's procedural rules is evident and should not go unpunished. Baja requests the Court grant the motion and institute the requested relief regarding the expedited rescheduled 30(b)(6) deposition, the other depositions in this district, and the reimbursement of Baja's fees, costs, and expenses by Huansong.

Pursuant to Rule 7.02, D.S.C., the undersigned affirms he conferred with Huansong's counsel and attempted in good faith to resolve the matter contained in the motion.

Dated: March 26, 2014                                    Respectfully Submitted

/s/ Reid T. Sherard

Timothy E. Madden, Esq.
Reid Thomas Sherard, Esq.
Giles M. Schanen, Esq.
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Poinsett Plaza, Suite 900
104 South Main Street
Greenville, SC 29601
(864) 250-2279

Mark Austrian, Esq.
Admitted *Pro Hac Vice*
KELLEY DRYE & WARREN LLP
3050 K Street NW, Suite 400
Washington, DC 20007
(202) 343-8400

Jonathan Cooperman, Esq.
Ana Correa, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY
(212) 808-7800

*Attorneys for Plaintiff Baja, Inc.*

## RULE 37 CERTIFICATION

I hereby certify that on March 24, 2014, I conferred with Stacy Williams, counsel for Huansong, via telephone. In response, Mr. Williams confirmed that defendant Huansong would not engage in its 30(b)(6) deposition given its intent to file a motion for a stay and motion to compel arbitration. In conferring about the subject of this motion, the parties are unable to agree on a resolution. I subsequently advised Mr. Williams that Baja would file the instant motion for sanctions. Mr. Williams would not reconsider his position. Therefore, the parties are unable to agree on a resolution to the subject of this motion without court action.

*[signature]*

Mark Austrian, Esq.
Admitted *Pro Hac Vice*
KELLEY DRYE & WARREN LLP
3050 K Street NW, Suite 400
Washington, DC 20007
(202) 343-8400