UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Baja, Inc., | ) | |
| | ) | C/A No.: 8:13-cv-02057-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Automotive Testing and Development | ) | |
| Service, Inc., Chongquin Huansong | ) | |
| Industries (Group) Co., Ltd., Tomoto | ) | |
| Industries, Inc., and Hisun Motors Corp. | ) | |
| U.S.A., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before this Court on Defendant Automotive Testing and Development Service, Inc.'s ("ATDS's") Motion to Dismiss Crossclaim of Hisun Motors Corp. U.S.A. pursuant to Rule 12(b)(6), for an order determining the good faith of ATDS's settlement with Plaintiff under California law or for a more definite statement pursuant to Rule 12(e), filed on March 13, 2014. ECF No. 77. For the reasons set forth below, Defendant's Motion is GRANTED.

Plaintiff Baja, Inc. ("Baja") filed a First Amended Complaint against Defendants ATDS, Chongquin Huansong Industries (Group) Co., Ltd. ("Huansong"), Tomoto Industries, Inc. ("Tomoto"), and Hisun Motors Corp. U.S.A. ("Hisun") on January 2, 2014. ECF No. 53. Hisun filed an Answer to the First Amended Complaint on January 31, 2014, ECF No. 62, and then filed an Amended Answer and Cross Claim to the First Amended Complaint on February 21, 2014, ECF No. 67. Hisun's Amended Answer and Cross Claim to the First Amended Complaint states that the "allegations of the Complaint, if proven true, are solely the result of actions or

omissions by ATDS," that "Hisun is without fault with respect to the allegations of Baja in this civil action," and that Hisun is entitled to "full legal and equitable indemnity" against ATDS.  ECF No. 67.

On March 13, 2014, Defendant ATDS filed the current Motion, seeking to dismiss Hisun's crossclaim based on a good faith settlement between ATDS and Plaintiff, and pursuant to Rule 12(b)(6) for failing to state a claim under which relief may be granted, or in the alternative for a more definite statement pursuant to Rule 12(e).  ECF No. 77.  No party has filed a response to ATDS's Motion.

Defendant ATDS's main argument is that Hisun's crossclaim is barred due to a good faith settlement between ATDS and Plaintiff.  ECF No. 77-1.  ATDS states that it "settled the claims brought against it by the Plaintiff and was in the process of circulating a stipulation of dismissal when Hisun was added as a defendant and filed this crossclaim."  *Id.*  ATDS argues that "is entitled to a determination of the good faith of its $267,000 settlement with Plaintiff, which bars Hisun's purported indemnity claim."  *Id.*

 "This Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332."  ECF No. 53.  "A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits." *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 100 (4th Cir. 2013); *Banner Life Ins. Co. v. Bonney*, No. 2:11cv198, 2011 WL 6002609, at *3 (E.D. Va. Nov. 29, 2011) ("A federal court sitting in diversity must apply the substantive law of the forum state, including its choice of law rules.").  "Under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by

the state in which the injury occurred." *Lister v. NationsBank of Del., N.A.*, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997)  "In contract actions, South Carolina courts apply the substantive law of the place where the contract at issue was formed . . . where a contract's formation, interpretation, or validity is at issue." *Witt v. Am. Trucking Assocs., Inc.*, 860 F. Supp. 295, 300 (D.S.C. 1994).  "However, where performance is at issue, the law of the place of performance governs." *Id.* (citing *Livingston v. Atl. Coast Line R.R. Co.*, 180 S.E. 343, 345 (S.C. 1935)).  ATDS argues that California law applies to Hisun's crossclaim because "[a]ny and all formation and performance of any and all relevant contracts, and any and all tortious acts or omissions occurred in California, between two resident corporations of California – ATDS and Tomoto Industries, Inc."  ECF Nos. 77-1 & 77-2; *see* ECF No. 67 at 18–20 (describing the business relationship and agreement between ATDS and Tomoto that is the basis of the crossclaim brought by Hisun).

California law provides that a good faith settlement "extinguishes indemnity claims" such as Hisun's indemnity claim against ATDS "for the allegedly tortious activities of ATDS's former employee, Larry Smith, Jr."  ECF No. 77-1.  Specifically, California Code of Civil Procedure § 877 provides:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights . . . (b) it shall discharge the party to whom it is given from all liability for any contribution to any other parties.

Cal. Civ. Proc. Code § 877(a).  California Code of Civil Procedure § 877.6 provides the procedures for determination of a good faith settlement.[1]

An analysis of good faith requires "the trial court to inquire, among other things, whether the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries."  *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 698 P.2d 159, 38 Cal. 3d 488, 499 (Cal. 1985).  However, bad faith is not established by showing that a defendant paid less than his fair share, as "damages are often speculative, and the probability of legal liability therefor is often uncertain or remote."  *Stambaugh v. Superior Court*, 62 Cal. App. 3d 231, 238 (1978).  A number of factors must be analyzed including "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial."  *Tech-Bilt*, 38 Cal. 3d at 499.  This evaluation is to be "made on the basis of information available at the time of settlement."  *Id.*  "The party asserting the lack of good faith, who has the burden of proof on that issue," must demonstrate "that the settlement is so far 'out of the ballpark'" to not be a settlement made in good faith.  *Id.* at 499–500; *see* Cal. Civ.

---

[1] It appears that Defendant ATDS seeks an order determining the good faith of its settlement under § 877.6(a)(2), which sets out detailed procedures for what an application for determination of good faith settlement must include, but states that "this paragraph shall not apply to settlements in which a confidentiality agreement has been entered into regarding the terms of the settlement," as is the case here.  Cal. Civ. Proc. Code § 877.6(a)(2); *see* ECF No. 77-1 at 4.  "A hearing is not required because nonsettling parties were afforded an opportunity to respond to the request for good faith determination."  *Heim v. Heim*, Case No.: 5:10-CV-03816-EJD, 2014 WL 1340063, at *6 (N.D. Cal. Apr. 2, 2014); *Res-Care Inc. v. Roto-Rooter Servs. Co.*, No. C 09-3856 EDL (DMR), 2011 WL 3610701, at *2 (N.D. Cal. Aug. 17, 2011) ("In the absence of any opposition, the court may approve the motion without a hearing."); *see* Cal. Civ. Proc. Code § 877.6(a)(2).

Proc. Code § 877.6(d) ("The party asserting the lack of good faith shall have the burden of proof on that issue.").

In this case, "Plaintiff accepted $267,000 in exchange for a complete release and a dismissal with prejudice of all of Plaintiff's claims against ATDS." ECF No. 77-1. This settlement was reached through mediation before Judge John Kennedy of Judicial Arbitration and Mediation Services, Inc. – Los Angeles, "after extensive financial and technological disclosures by ATDS to Plaintiff," and was the result of arms-length negotiations between Plaintiff and Defendant ATDS. *Id.* This case involves allegations by Plaintiff of over $10 million in damages, but significantly lower out-of-pocket expenses to Plaintiff. *Id.* Additionally, Defendant ATDS "intended to assert defenses based upon the statutes of limitation and a potential failure to mitigate damages," as well as arguing "that the vehicle tested, though altered by Tomoto, in fact passed the requisite testing" and then either Tomoto or Huansong failed to make the same alterations to the vehicles sold to Plaintiff. *Id.*; ECF No. 77-2 ("ATDS's investigation into the claims underlying this case showed that the subject vehicle tested by ATDS was materially different from the vehicles sold . . . by Hisun's parents, Huansong."). Finally, "ATDS is a small closely-held family company," "there was no applicable insurance to cover the claims, and ATDS was burdened with other financial obligations that significantly limited its ability to pay any more in settlement." ECF Nos. 77-1 & 77-2.

Based on the Motion filed by ATDS providing factual support for the good faith of the settlement, and the failure of Hisun or any other party to show that this settlement was not made in good faith or even to contest the good faith of the

settlement at issue, this Court finds that the settlement between Plaintiff and Defendant ATDS was made in good faith. Defendant Hisun's indemnity claim against Defendant ATDS is therefore barred. Accordingly, this Court will not address Defendant ATDS's argument that Hisun's crossclaim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, or ATDS's alternate motion for a more definite statement pursuant to Rule 12(e).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Crossclaim is GRANTED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May __22__, 2014
Anderson, South Carolina