UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Baja, Inc., | ) | |
| | ) | C/A No.: 8:13-cv-02057-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Automotive Testing and Development | ) | |
| Service, Inc., Chongquin Huansong | ) | |
| Industries (Group) Co., Ltd., Tomoto | ) | |
| Industries, Inc., and Hisun Motors Corp. | ) | |
| U.S.A., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before this Court on Plaintiff's Motion to Compel
Attendance at Deposition and for Sanctions. ECF No. 78. For the reasons set forth
below, Plaintiff's Motion is GRANTED in part.

## Background

Plaintiff Baja, Inc. ("Baja") states that, pursuant to Rule 30(b)(6), a deposition
of a corporate representative of Defendant Chongquin Huansong Industries (Group)
Co., Ltd. ("Huansong") was scheduled for Tuesday, March 25, 2014, at Huansong's
counsel's Dallas office. *Id.*; ECF No. 78-3. Baja "coordinated and secured a court
reporter, videographer, and Chinese Mandarin interpreter to be present in Dallas on
that date." ECF No. 78. "On the morning of Monday, March 24, 2014, two of Baja's
counsel took flights to Dallas from their respective offices located outside of Texas for
the 30(b)(6) deposition." *Id.* Huansong "unilaterally cancelled" this hearing on
Monday, March 24, 2014, less than twenty hours before the scheduled deposition,
stating that "it was going to move to enforce a claimed arbitration provision." *Id.* "On

March 25, 2014, the Huansong corporate representative failed to appear at the scheduled 30(b)(6) deposition." *Id.* Huansong and Defendant Hisun Motors Corp. U.S.A. filed a Motion to Compel Arbitration and Stay Proceedings on March 28, 2014. ECF No. 79.

On March 26, 2014, Baja filed the current Motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, seeking to compel Huansong to attend its deposition and for sanctions. *Id.* Defendant Huansong's Response was filed on April 14, 2014. ECF No. 80. Baja's Reply was filed on April 17, 2014. ECF No. 82.

## Standard of Review

The Fourth Circuit has clearly delineated its position regarding a district court's ability to implement and enforce discovery parameters. "[A] district court has wide latitude in controlling discovery and . . . its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted). "A motion to compel discovery is addressed to the sound discretion of the district court." *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986); *see Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted). "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Ardrey*, 798 F.2d at 682 (citations omitted).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The motion

must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

"The court where the action is pending may, on motion, order sanctions if . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). "Instead of or in addition to [the sanctions listed in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (unpublished per curiam opinion) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565–66 n. 2 (1988)).

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). "The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for

deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.* (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–05 (4th Cir. 1977)).

### Discussion

Plaintiff "requests the Court to direct that Huansong produce its witness in Greenville, South Carolina at the office of Baja's counsel for the 30(b)(6) deposition within seven (7) days." ECF No. 78. Additionally, Plaintiff asks this Court to order "that Huansong make its other witnesses for whom depositions have been requested available for deposition in Greenville, South Carolina at the office of Baja's counsel." *Id.* Finally, Plaintiff seeks to have "Huansong pay the attorneys' fees, costs, and expenses incurred by Baja in connection with the unilaterally-cancelled 30(b)(6) deposition." *Id.* Plaintiff's counsel has affirmed that "he conferred with Huansong's counsel and attempted in good faith to resolve the matter contained in the motion." *Id.*

Plaintiff bases its request on the substantial cost and expense in preparing for the deposition, arranging all the necessaries for the deposition, and traveling to the deposition. *Id.* Plaintiff states that "[i]f Huansong had an objection to the 30(b)(6) deposition, it should have moved for a protective order under Fed. R. Civ. P. 26(c)." *Id.* "Instead, Huansong acted unilaterally, purposefully, and with knowing disregard for the Rules by refusing to appear at its noticed and confirmed deposition by a self-declared stay of discovery." *Id.*

Plaintiff argues that sanctions are appropriate as its Motion has satisfied the Fourth Circuit's four-part test. *Id.* First, Baja alleges "Huansong acted in bad faith by

not explicitly informing its attorneys, and requiring its attorneys, to review the 'contract' when the complaint was filed and at numerous times thereafter." *Id.* Furthermore, Baja posits that "Huansong acted in bad faith by unilaterally staying discovery, not producing the witness as they had explicitly agreed to do, and forcing Baja to incur unnecessary fees and expenses for travel to Dallas, Texas." *Id.* Second, Baja states that "prejudice is established by the fees, costs and expenses incurred by Baja having its counsel travel to Dallas, Texas for the agreed-upon deposition." *Id.* Third, Baja argues that there is a "definite need to deter Huansong from agreeing to and then unilaterally cancelling an out-of-state deposition of a Rule 30(b)(6) witness the day before it was to take place." *Id.* Finally, Baja asserts that "no less drastic sanction" exists. *Id.*

Defendant Huansong responds in opposition to this Motion, stating that it was only on March 24, 2014 that "Huansong's counsel discovered the arbitration clause contained in the invoices which are the basis for Plaintiff's claims." ECF No. 80. Huansong then immediately informed Plaintiff of its intent to move for arbitration and that the deposition was postponed. *Id.* Huansong's Motion to Compel Arbitration was filed on March 28, 2014. ECF No. 79. Huansong argues that its actions were justified given the arbitration agreement, and that sanctions are therefore inappropriate under Rule 37(d)(3). ECF No. 80.

Additionally, Huansong argues that sanctions "are inappropriate because Plaintiff has failed to satisfy the Fourth Circuit's four-part test." *Id.* Huansong states that it has not acted in bad faith, as it "has an enforceable arbitration clause that it is seeking to enforce," and the "delay caused by an oversight does not constitute bad

faith." *Id.* Huansong alleges that "Plaintiff has not been unfairly prejudiced because Baja agreed to arbitrate the issues." *Id.* Huansong also argues that there is no need for deterrence in the present case, given the "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); ECF No. 80. Huansong also points out that "it would be unfair for this court to impose a sanction against all defendants," as "the alleged conduct was committed by only one of the defendants." ECF No. 80.

This Court finds that Defendant Huansong's position was substantially justified given the genuine dispute as to the validity and applicability of the arbitration clause contained in the pro forma invoices. Therefore, Baja's request for attorney's fees and expenses is denied. However, as discovery has now ended, *see* ECF No. 44, and Huansong's corporate representative has not yet been deposed due to Huansong's last minute cancellation, this Court finds that Huansong should produce its witness in Greenville, South Carolina at the office of Baja's counsel for the 30(b)(6) deposition within thirty (30) days of this Order. If Defendants fail to comply with this Court's Order, sanctions may be imposed under Rule 37. *See* Fed. R. Civ. P. 37(b). This Court denies Plaintiff's remaining requests.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Attendance at Deposition and for Sanctions is GRANTED as set out in this order.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

June  16 , 2014
Anderson, South Carolina